## THE PEOPLE EX REL.

### v.

## THE MAYOR AND CITY COUNCIL OF THE CITY OF BLOOMINGTON.

*Mandamus—Obstruction in Street—Removal of—Dedication.*

Upon mandamus proceedings brought to compel a municipality to remove certain alleged obstructions from one of its streets, this court declines to interfere with the judgment for the defendants, interests of third persons being involved.

[Opinion filed September 20, 1890.]

IN ERROR to the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. THOMAS F. TIPTON, for plaintiffs in error.

Mr. A. E. DeMANGE, for defendants in error.

WALL, J.   This was a proceeding by mandamus to compel the mayor and the city council of Bloomington to remove certain alleged obstructions from Beecher street, and the question was whether the strip of ground in dispute twenty-six feet in width was a part of said street.   The judgment was for defendants.

The court trying the case held several propositions of law asked by the respective parties, and then of its own motion prepared and marked as held the following, showing its view of the law and the facts.

" The court holds as a matter of law that if there was a dedication of the twenty-six feet south of Beecher street, and that the same was accepted by the city, so that it became clearly and undeniably a part of said Beecher street, then that said street was sixty-six feet wide, and in such case it would be the duty of the city council to remove any obstruction placed in the street.   But the court does not find as a matter

of fact that the evidence shows clearly that there was a dedi-
cation, or that the city clearly accepted such dedication.   The
court finds from the oral and record evidence that interested
parties might honestly believe, from an examination of the
record of plats, and the appearance of the width of the
street, that there was no such dedication or acceptance by the
city, and purchase said disputed twenty-six feet in good
faith, according to the plat and record description of Phœnix
homestead.   Therefore, the right not being clear to the writ,
which, if granted, would affect the interest of persons *bona
fide* claiming ownership in the disputed property, and who,
before what they honestly claim as their land should be taken
from them, should be heard, the writ is refused."

After carefully considering the evidence we are disposed to
agree with the court in this finding of the facts, and the judg-
ment will therefore be affirmed.

*Judgment affirmed.*