STATE EX REL. DONOVAN, ATTORNEY GENERAL, RELATOR,
v. BARRET, STATE TREASURER, RESPONDENT.

(No. 2,048.)

(Submitted March 7, 1904.   Decided April 6, 1904.)

*State Officers — Salaries — Appropriations by Legislature—*
*Mandamus—State Board of Examiners—Powers.*

1. *Mandamus* is a discretionary writ and will be allowed only in furtherance
   of justice upon a proper case presented.
2. The writ of mandate will not be allowed to compel the state treasurer to
   pay a warrant issued by the state auditor, when the money particularly
   appropriated by the legislature for such purpose has been exhausted.
3. The state board of examiners cannot increase an appropriation made by
   the legislature for a specific purpose, by adding thereto moneys which the
   legislature appropriated for entirely different purposes.

ORIGINAL application for *mandamus* by the state, on the rela-
tion of James Donovan, Attorney General, against A. H. Bar-
ret, State Treasurer. Alternative writ quashed and the pro-
ceeding dismissed.

*Mr. James Donovan, Attorney General, in pro. per.*

*Mr. E. C. Day,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the
court.

The relator prays in this proceeding for a writ of mandate
ordering the state treasurer to pay a certain warrant issued by
the state auditor to one James B. Toughill for services per-
formed in the office of the attorney general as stenographer be-
tween the first day of January and the first day of February,
1904, or, if the said warrant may not be paid for want of funds,
to register the same according to law. An alternative writ was
issued and answer made.

At the Eighth session of the legislative assembly there was
appropriated for the purpose of paying the salary of steno-

grapher for the attorney general for the fiscal year ending November 30, 1903, the sum of $600, and a like sum for the same purpose for the fiscal year ending November 30, 1904. The state auditor, acting by and under the advice of the attorney general, who is the relator herein, issued warrants to pay the stenographer in the office of the attorney general during the fiscal year 1903 at the rate of $100 per month, excepting the months of December, 1902, and January, 1903, during which months $50 per month only was paid, all of this money being paid to Toughill, excepting $50 for the month of December, 1902, of said fiscal year. Acting upon the same advice, warrants were drawn by the auditor in payment for such services for the month of December and for the month of January of the fiscal year 1904 at the rate of $100 per month. The total amounts of said warrants as drawn thus appears for the two fiscal years to be $1,300, whereas $1,200 only was appropriated.

It appears from the record and the evidence in this matter that $500 appropriated by the legislature for entirely different purposes, to-wit: $450 on account of salary of the second assistant attorney general and $50 unexpended balance of moneys appropriated for office expenses of the attorney general, was by the board of examiners on January 30, 1904, attempted to be transferred to the fund for the payment of the stenographer in the office of the attorney general, whereas the legislature had appropriated only $600 for each of the fiscal years 1903 and 1904 for the payment of services of the stenographer. It was thus attempted to obtain and provide a sum of $1,700 therefor. The contention of the relator is that there is $500 still remaining in the hands of the treasurer of said appropriation of $600 per annum for the two fiscal years, his contention being that of the $1,300 for which warrants have already been drawn, part thereof, to-wit, $500, came from funds thus attempted to be taken from entirely different funds. The contention of the treasurer is that the appropriation for the services of the stenographer has been exhausted under warrants drawn by the auditor for $100 per month, who acted under the advice of the attorney general who, as above stated, is the relator herein.

Without discussing the point that the attorney general is not a proper party to institute these proceedings, it is sufficient to say that he cannot occupy a stronger position than the stenographer himself could in the matter. The latter is, and always has been, supposed to know the statute which was passed making said appropriation for the services which he rendered. He knew, as did the attorney general know, that the appropriation was $600 for each of the fiscal years named; he knows that in the payment of his services the full amount of the appropriations for both fiscal years has been exhausted. He certainly could not be heard in a proceeding instituted by him for a mandate to compel the treasurer to pay him more than the appropriation; and as certainly the attorney general may not be so heard, if it may be conceded that he may be heard at all. As very properly said in *Hale* v. *Risley,* 69 Mich. 596, 37 N. W. 570, *mandamus* is a discretionary writ and will be allowed only in furtherance of justice upon a proper case presented. It will not be allowed where the relator has instigated, authorized, approved of or brought about the very state of things which prevents any further payment to the stenographer, and it would not be justice to the state or to the treasurer to permit more money to be drawn from the treasury than was appropriated by the legislature for the purpose intended. (Merrill on *Mandamus,* Sec. 68; *People ex rel. Wood* v. *Board of Assessors,* 137 N. Y. 201, 33 N. E. 145.) The relator's case is not aided or strengthened by the fact that he, acting with the other members of the state board of examiners, undertook to add to the appropriation made by the legislature for said services, the sums of $450 and $50 as above stated. Having erroneously advised the overdraft for the fiscal year 1903, this error cannot be corrected by pleading the further error of having attempted to use funds, to-wit, $450 and $50 which the legislature appropriated for entirely different purposes. Money can be paid out of the treasury only upon appropriations made by law (Article V, Section 34, Constitution).

The alternative writ is quashed and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY: I concur in the result. I do not think that the attorney general is the party beneficially interested in the sense that the writ may issue at his instance. Touching Toughill's relation to the disposition of the appropriation for 1904, were he the relator, I express no opinion.