### COLEMAN v. DISTRICT OF COLUMBIA.

Court of Appeals of District of Columbia. Submitted March 8, 1922. Decided April 3, 1922.)

No. 3696.

1. **Schools and school districts ⬅135(5)—Secretary's letter advising teacher of appointment held not to estop board from requiring physical examination.**

Where plaintiff was advised by the assistant superintendent of schools she had been recommended for probationary appointment as a teacher, subject to physical examination, and the next day the board appointed her to such position, subject to that condition, a letter from the secretary of the board, notifying her of the appointment without stating the condition, did not estop the board from denying she was appointed without the condition.

2. **Schools and school districts ⬅135(1)—Secretary of board has no authority to employ teacher and can be given none.**

Under Act June 20, 1906, § 2, the authority to employ teachers is vested solely in the board of education, and that power of appointment requires an exercise of judgment, so that it could not be delegated to the secretary of the board or to any one else.

3. **Schools and school districts ⬅135(1)—Applicant for position as teacher is charged with knowledge of limitations on authority of secretary of the board.**

An applicant for appointment as school teacher is charged with knowledge that the secretary of the board of education had no authority to appoint her, and could be given none by the board, so that she cannot invoke the doctrine of apparent authority of the secretary to bind the board.

4. **Schools and school districts ⬅127—Rules requiring physical examination of teachers are reasonable and valid.**

The rules for the government of public schools of the District of Columbia, requiring a physical examination before appointment as teacher to be made by medical inspectors of schools detailed for that purpose by the health officer, are reasonable, and therefore valid.

5. **Schools and school districts ⬅127—Physical examination of applicant by inspector must be approved by health officer.**

The examination of an applicant for appointment as school teacher by the medical inspectors detailed for that purpose does not become the work of the health department until it is approved by the health officer, so that the applicant cannot rely on a report by the inspectors finding her physically competent, where the health officer found from the report that she was incompetent.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Schools and school districts** ⬤**133—Board may appoint on probation person known to be unfit to fill position of permanent teacher.**

The board of education may appoint as a probationary teacher a person whom they know to be unfit physically to fill the position of permanent teacher.

Appeal from the Supreme Court of the District of Columbia.

Action by Grace Coleman against the District of Columbia. Judgment for the defendant, and plaintiff appeals. Affirmed.

W. C. Clephane, J. W. Latimer, and G. L. Hall, all of Washington, D. C., for appellant.

F. H. Stephens and George P. Borse, both of Washington, D. C., for the District of Columbia.

SMYTH, Chief Justice. Grace Coleman filed her declaration against the District of Columbia, in which she averred that the District had breached a contract with her as a teacher in one of the public schools, and she asked for damages. The District denied that it made the contract.

On September 14, 1920, Miss Coleman was advised by the assistant superintendent of schools that he had recommended her for a probationary appointment to a high school teachership, subject to a special examination by the health department of the District to determine physical fitness. On the next day, the board of education, acting on the recommendation, appointed the plaintiff to a probationary teachership in class 6–A, subject to the condition just mentioned. On the 17th of the same month the secretary of the board notified her of her appointment, and that she should appear and take the oath of office, but made no mention of the physical examination. Miss Coleman submitted herself to the examination. The school medical inspectors found that she was suffering from curvature of the spine, with resulting deformity of the chest, and other infirmities, but said that in their judgment she was capable of performing the duties of a probationary teacher, but not those of a permanent teacher. This report was laid before the health officer, who said that in his opinion Miss Coleman was not qualified to perform the duties of a teacher, because she would not be "able to stand the physical strain to which teachers are frequently subjected." He added that, if she was appointed, she would be entitled to share in the benefits of the Teacher's Retirement Act, which, he thought, in view of her physical condition, would be unfair to the District. In consequence the superintendent of schools, on September 21, same year, issued an order rescinding Miss Coleman's appointment as a probationary teacher, and on October 6 following the board of education ratified the superintendent's action. From a judgment against her, Miss Coleman brings the case here for review.

[1] The board of education is not estopped by the secretary's letter to deny that she was appointed without condition. Before receiving the letter, she had been advised by the assistant superintendent of schools that her selection was upon the condition that she pass a satisfactory physical examination. This at least put her upon inquiry, when

she received the secretary's letter, as to whether or not her appointment was subject to the condition named. That she understood the appointment was conditional is established by the fact that she submitted to the examination.

[2] Besides, no representation of the secretary could effectuate her appointment. He had no authority to employ teachers. That authority was vested solely in the board of education by section 2 of the Act of June 20, 1906 (34 Stat. 316), which says:

"That the control of the public schools of the District of Columbia is hereby vested in a board of education. * * * No appointment * * * of any * * * teacher * * * shall be made by the board of education, except upon the written recommendation of the superintendent of schools. The board shall determine all questions of general policy relating to the schools. * * * The board shall appoint all teachers in the manner hereinafter prescribed."

[3] This power of appointment requires an exercise of judgment, and could not be delegated to the secretary or anybody else. The maxim "delegata potestas non potest delegari" applies. Taggart v. School District No. 1, 96 Or. 422, 430, 188 Pac. 908, 1119; Birdsall v. Clark et al., 73 N. Y. 73, 29 Am. Rep. 105, and cases cited in note; Franklin Bridge Co. v. Young Wood, 14 Ga. 80. Miss Coleman was charged with knowledge of this. "Parties dealing with a municipal corporation are bound to know the extent of the power lawfully confided to the officers with whom they are dealing in behalf of such corporation, and they must guide their conduct accordingly." Stone v. Bank of Commerce, 174 U. S. 412, 424, 19 Sup. Ct. 747, 752 (43 L. Ed. 1028). See, also, Montenegro-Riehm Music Co. v. Louisville, 147 Ky. 720, 145 S. W. 740; School District v. McClure, 136 Iowa, 122, 113 N. W. 554. (In this respect the board stands in the attitude of a municipal corporation.) Sometimes even the criminal law requires a person to know facts at his peril.

Nor may Miss Coleman invoke the doctrine that where an agent acts within the apparent scope of his authority, his principal is bound. The secretary had no authority, actual or apparent, to bind the board concerning the matter in hand, and could not have it under the statute. Of this Miss Coleman had at least constructive knowledge. See above authorities.

[4] The report of the medical inspectors of public schools to Dr. Fowler, health officer of the District, was not the report of the health department, and did not satisfy the condition upon which her appointment was made. Section 22 of the rules for the government of public schools of the District of Columbia declares that—

"No person shall be appointed a teacher * * * without first passing such physical examination as may be prescribed by the health officer."

Section 29 of the same rules says that—

"Examination of applicants * * * for appointment as teachers * * * to determine their physical fitness for * * * appointment will be made when requested by the board of education by * * * medical inspectors of schools detailed for that purpose by the health officer."

These rules, being reasonable are valid. District of Columbia v. Dean, 38 App. D. C. 182, 38 L. R. A. (N. S.) 513.

[5] Section 29 contemplates that an examination of the applicant shall be made by inspectors, but such examination does not become the work of the health department until approved by the health officer. He considered the report of the inspectors and determined from it that the appellant had not passed a satisfactory examination.

[6] It is conceded that 6–A teachers are on probation only. Counsel for the District argue that the manifest purpose of placing a teacher on probation is to enable the board to determine the person's qualifications for a permanent place, and that if the board knows in advance that the applicant is not capable of filling such a place, there would be no reason for placing her on probation; that the report of the inspectors, as well as of the health officer, made it clear that Miss Coleman was not capable of filling a permanent place, and therefore that the board's action was proper. Even if this theory be correct, the conclusion drawn from it does not follow. The board may have the power to refuse to appoint on probation a person known to it as one incompetent to fill a permanent position, but that does not concern this case. Here the question is not whether the board had authority to make the contract in action, for we believe it had such authority, but whether Miss Coleman complied with the condition upon which the contract was tendered to her. We think she did not, and therefore that the board was warranted in the course which it pursued when it revoked the appointment.

Appellant is in all respects save health competent to fill a position as teacher in the public schools. She was graduated by her university with the degree A. B. magna cum laude, and appears to be a very deserving person. We regret, therefore, that the law constrains us to hold that, because of her unfortunate physical condition, she was not able to meet the condition imposed.

The judgment is affirmed, with costs.

Affirmed.