STABLER, Appellant, *v.* PORTER, State Auditor, Respondent.

(No. 5,648.)

(Submitted November 25, 1924. Decided December 12, 1924.)

[232 Pac. 187.]

*Mandamus—Commissioner of Insurance—Surety Companies—Failure to Pay Judgment—Revocation of Licenses.*

*Supersedeas*—Definition.
  1.  Technically, *supersedeas* is an auxiliary process designed to supersede the enforcement of a judgment brought up by writ of error for review, but in the more general sense it is used synonymously with the term "stay of proceedings."

Appeal and Error—Correctness of Judgment—Presumption.
  2.  The supreme court enters upon its investigation of an appeal indulging the presumption that the conclusion reached by the trial court is correct, and therefore appellant has the burden of showing reversible error.

*Mandamus*—Writ Lies, When.
  3.  *Mandamus* may be obtained only where there is no plain, speedy and adequate remedy in the ordinary course of law, upon a showing of facts which establish the applicant's clear right to the relief; it is a discretionary writ, will be allowed only in furtherance of justice, and if there be doubt of its necessity it should not go.

Same—Writ Does not Lie, When.
  4.  Generally, *mandamus* will not issue where the rights of third parties who are not before the court are necessarily involved or will be affected injuriously.

Same—Surety Companies—Writ Does not Lie to Compel Revocation of License.
  5.  Section 6221, Revised Codes of 1921, provides that where a surety company refuses to pay a judgment against it on a bond

[72 Mont. 62.]

furnished by it and fails to take an appeal for ninety days after its rendition, the insurance commissioner shall revoke its license. Such a company did not perfect its appeal from a judgment in an action on a constable's bond until the ninety-fifth day after rendition. Its undertaking on appeal was satisfactory to the judgment creditor. In action by the latter against the insurance commissioner for writ of mandate to compel revocation of the company's license, *held* that since plaintiff's rights were fully protected and could not be affected either by the issuance or denial of the writ, and the effect of its issuance would have been the destruction of the company's business in the state without an opportunity to be heard, it not being a party to the action, refusal to issue it was not error, under the rules above (pars. 3 and 4).

Surety Companies—Failure to Pay Judgment in Action on Bond—Ouster—*Quo Warranto.*
6. *Obiter:* Where the license of a surety company is sought to be revoked under section 6221, Revised Codes, for failure to pay a judgment rendered against it in an action on a bond furnished by it, *quo warranto* may be resorted to.

*Appeal from District Court, Lewis and Clark Counties; A. J. Horsky, Judge.*

MANDAMUS by Erma M. Stabler against George P. Porter, State Auditor and *ex-officio* Commissioner of Insurance, to compel revocation of the licenses of certain surety companies. Judgment for defendant and plaintiff appeals. Affirmed.

*Mr. A. P. Heywood* and *Mr. Chas. E. Pew,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. Pew* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Messrs. Spaulding & McConnell,* for Respondent, submitted a brief; *Mr. C. A. Spaulding* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Lewis and Clark county, wherein Erma M. Stabler was plaintiff, and J. M. Adamson, Charles Hageman, the Maryland Casualty Company, and the Fidelity & Deposit Company of Maryland

were the defendants, a judgment was rendered and entered on May 3, 1924, in favor of the plaintiff and against the defendants for $984.75. The Maryland Casualty Company, a foreign corporation doing business in this state, was the surety on the official bond of Adamson, a constable, and the Fidelity & Guaranty Company, also a foreign corporation engaged in business here, was the surety on the official bond of Hageman, a constable. On August 5 the clerk of the district court transmitted to the state auditor, *ex-officio* insurance commissioner, a certified copy of the judgment, with the statement that the judgment had not been paid. On August 6 the defendants mentioned in the action above perfected an appeal to this court by giving the required notice and furnishing the statutory appeal bond. They also secured a stay of execution by providing the bond required for that purpose by section 9735, Revised Codes, to the sufficiency of which bond no exception was taken. The insurance commissioner failed or refused to act upon the record, and on September 6 this proceeding was instituted. An alternative writ of mandate was issued, but on the return the court sustained a motion to quash, and the proceeding was dismissed. The relatrix has appealed.

We shall not stop to determine whether the order made by the trial court is in point of law a judgment. The question has not been raised, and we shall assume, for the purpose of this case only, that the appeal is before us.

Chapters 40 and 139, Laws of 1909, supplemented by Chapter 6, Laws of 1911, now sections 6206–6236, Revised Codes, provide the conditions upon which a foreign indemnity or guaranty company may transact business in this state. Section 6207, Revised Codes, authorizes such a company to become surety on the official bond of any public officer. Section 6221 provides that: "If any such company shall neglect or refuse to pay any final judgment or decree rendered against it upon any such bond * * * from which no appeal, writ of error, or *supersedeas* has been taken for ninety days after

the rendition of such judgment or decree, it shall be the duty of the clerk of the court in which said judgment or decree was rendered to certify a copy thereof to the insurance commissioner, together with the fact that it remains unpaid; said commissioner shall revoke all licenses and the certificates of authority issued to such company," *etc.*

Causes are not removed to this court by writ of error, although that procedure might be made available. (Sec. 15, [1] Art. VIII, Constitution of Montana.) Technically, a *supersedeas* is an auxiliary process designed to supersede the enforcement of a judgment of the court below brought up by writ of error for review. (*Williams* v. *Bruffy,* 102 U. S. 248, 26 L. E'd. 135 [see, also, Rose's U. S. Notes].) In the more general sense it is used synonymously with "stay of proceedings" (*Dulin* v. *Pacific W. & C. Co.,* 98 Cal. 304, 33 Pac. 123), and doubtless it is in this sense that it is employed in section 6221 above.

By this proceeding it is sought to compel the state auditor, as insurance commissioner, to revoke the license of each of these foreign companies for its failure for more than ninety days to pay the Stabler judgment, appeal therefrom, or secure [2] a stay of proceedings. We enter upon our investigation indulging the presumption that the judgment of the trial court is correct, and therefore the appellant must assume the burden of showing reversible error. (*Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060.)

In some of the states the proceeding in *mandamus* is treated [3] as an ordinary civil action, from which it results that the writ issues as a matter of right. (26 Cyc. 144.) That rule, however, does not prevail in this jurisdiction.

"*Mandamus* is an extraordinary remedy, not to be had merely for the asking, but to be obtained only in those rare cases wherein there is not any plain, speedy, and adequate remedy in the ordinary course of law;  *  *  *  hence the rule so often announced by this court that the party applying

for the writ must disclose the facts which establish his clear legal right to the relief sought." (*State ex rel. Duggan* v. *District Court,* 65 Mont. 197, 210 Pac. 1062.)

In *State ex rel. Donovan* v. *Barret,* 30 Mont. 203, 81 Pac. 349, this court said: "*Mandamus* is a discretionary writ, and will be allowed only in furtherance of justice upon a proper case presented."

In *State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498, we quoted approvingly from *People ex rel. Harless* v. *Hatch,* 33 Ill. 9, the following language of Mr. Justice Breese: "The writ of *mandamus* is a high prerogative writ, to be awarded in the discretion of the court, and ought not to issue in any case unless the party applying for it shall show a clear legal right to have the thing sought by it done."

In *State ex rel. Danaher* v. *Miller,* 52 Mont. 562, 160 Pac. 513, it was said: "It is to be borne in mind further that *mandamus* is not a writ of right. It issues only in the discretion of the court."

In 26 Cyc. 144, it is said: "The writ is employed only in unusual cases where other remedies fail, and it is hedged about by many conditions totally inapplicable to the ordinary suit at law. The appellant must in all cases substantially demonstrate the propriety and justice of his case. Nor is the court bound to take the case as the applicant presents it. It may consider defendant's rights, the interest of third persons, the importance or unimportance of the case, and the applicant's conduct, in determining whether or not the writ shall go." Again, on page 146, the same authority declares: "The writ of *mandamus* issues only in case of necessity to prevent injustice or great injury. If there is doubt of its necessity or propriety it will not go."

It is the rule that, generally, *mandamus* will not issue where [4] the rights of third persons who are not before the court are necessarily involved or will be affected injuriously. (*Ex parte Du Bose,* 54 Ala. 278; *Farmers' High Line Canal &*

*Reservoir Co.* v. *People,* 8 Colo. App. 246, 45 Pac. 543; *State ex rel. Dixon* v. *Trustees,* 20 Fla. 402; *People* v. *City of Bloomington,* 38 Ill. App. 125; *Capital Printing Co.* v. *Hoey,* 124 N. C. 767, 33 S. E. 160; *Territory* v. *Perea,* 6 N. M. 531, 30 Pac. 928; *United States* v. *Commissioner,* 5 Wall. 563, 18 L. Ed. 692 [see, also, Rose's U. S. Notes]; *United States ex rel. Redfield* v. *Windom,* 137 U. S. 636, 34 L. Ed. 811, 11 Sup. Ct. Rep. 197 [see, also, Rose's U. S. Notes]; 26 Cyc. 145; 18 R. C. L. 139; Merrill on Mandamus, sec. 83.)

With these principles in view we examine the facts pre-[5] sented by the record. It is true that the appeal in the case of *Stabler* v. *Adamson et al.* was not taken within ninety days from the rendition of the judgment. It was perfected, however, on the ninety-fifth day after the judgment was rendered, and payment of the judgment was thereupon secured by a bond satisfactory to the judgment creditor—thirty days before this proceeding was instituted. It is perfectly apparent that no right or interest of the plaintiff, Stabler, will be affected one way or the other by the issuance or denial of the writ. The issuance of the writ and the revocation of the licenses might gratify her, but those acts, if performed, would not pay her judgment or contribute to that end, while the refusal of the writ would not leave her in any worse situation than she was when this proceeding was initiated. In other words, this proceeding cannot accomplish any purpose except to vindicate the law, and in the enforcement of that right plaintiff, Stabler, does not have an interest different in any respect from the interest of every other citizen, so that, if she may maintain this proceeding, every other citizen of the state may maintain a like proceeding.

It is equally apparent that, if the writ be issued, the necessary consequence will be that these foreign corporations will have their licenses revoked, their business here destroyed and their right to engage in business in this state denied—and all

without an opportunity to be heard, since neither of them is a party to this proceeding.

Under these circumstances the trial court might have held [6] with propriety that resort should have been had to *quo warranto* proceedings, which would accomplish every purpose sought and at the same time afford the offending companies an opportunity to be heard and to present any defense they or either of them may have. (*In re Hart*, 159 N. Y. 278, 54 N. E. 44.)

, While it is true that the attorney general appears in this proceeding as counsel for the respondent, it will not be presumed that upon direction of the governor he will refuse to discharge the duty imposed upon him by section 9578, Revised Codes.

The granting or refusal of the writ was lodged in the sound legal discretion of the trial court, and we are not convinced by this record that the discretion was abused when the writ was denied. The judgment is affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

Rehearing denied January 5, 1925.