STATE ex Rel. SCHOOL DISTRICT No. 29, FLATHEAD
COUNTY, et al., Respondents, v. COONEY, Governor,
et al., Appellants.

(No. 7,514.)

(Submitted May 20, 1936.   Decided June 26, 1936.)

[59 Pac. (2d) 48.]

Mr. *Raymond T. Nagle,* Attorney General, and Mr. *Jeremiah J. Lynch,* First Assistant Attorney General, for Appellants, submitted a brief; Mr. *Lynch* argued the cause orally.

Mr. *S. C. Ford* and Mr. *Sam D. Goza, Jr.,* for Respondent, submitted a brief; Mr. *Goza* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The petition in this action was filed in the district court for Lewis and Clark county July 23, 1935, and alleges, in substance, that School District No. 29, Flathead county, Montana, has maintained an accredited two-year high school for a period of 16 years; that "during the school year 1934–1935," the board of trustees determined it was for the best interests of the school to provide for a third year of high school work; that the prescribed course of study as required by the State Board of Education was provided for, duly installed, and given by competent instructors, and by reason of the school's compliance with the standards fixed by the state board it has become the duty of the state board to accredit the plaintiff school as a three-year high school; that demand was made upon the state board for such accrediting, and by the state board arbitrarily and capriciously denied. This action followed.

The alternative writ and order to show cause were issued as prayed for, and served. Defendants appeared and moved to quash the writ on the grounds that the affidavit upon which the writ was based did not state facts sufficient to constitute a cause of action nor entitle the plaintiffs to the relief sought; the motion was taken under advisement, and, without waiving any rights under the motion, defendants answered and pro-

524

ceeded to trial. The motion to quash was later overruled. The answer denies all the material allegations of the petition. When the matter came on for hearing, defendants objected to the introduction of any evidence; the objection was overruled, testimony was received on behalf of the plaintiffs, and both parties introduced numerous exhibits. The matter was taken under advisement by the court, and on September 28, 1935, judgment was made and entered in favor of the plaintiffs and the peremptory writ issued. This appeal is from the judgment.

Defendants assign three specifications of error: (1) The court erred in overruling defendants' motion to quash; (2) the court erred in overruling defendants' objection to the introduction of any evidence; and (3) the court erred in rendering judgment in favor of the plaintiffs directing that the peremptory writ issue. The assignments of error all involve the power of the court to issue the writ of mandate under the circumstances, and the assignments will be considered as a whole.

It is obvious that the controversy arises out of a misconception of the relative functions of the State Board of Education and the Superintendent of Public Instruction, on the one hand, and the local board of school trustees, on the other. Certain duties and powers are vested in the former, and others in the local board, and each, acting within the law, is supreme in its respective sphere so long as no act is done arbitrarily or capriciously. Among the duties imposed upon the state educational officials, generally speaking, is that of establishing and maintaining a general uniform and thorough system of public instruction. A specific duty is that they shall establish uniform standards of study and maintain certain standards to which all local schools must conform before such local schools are entitled to be placed upon the accredited list. Certain powers of local control and management are vested in the local school board, such as the employment of teachers, the admission of students from other districts, the selection of school sites, etc. Both the state board and super-

intendent and the local board are quasi-judicial bodies or officials, and both exercise discretionary powers (*School District No. 2* v. *Richards,* 62 Mont. 141, 205 Pac. 206; *State ex rel. Stephens* v. *Keaster,* 82 Mont. 126, 266 Pac. 387), and when such powers are exercised in the manner prescribed by law, no right of review exists. This phase of the controversy will be adverted to later.

We think a review of the powers and duties, respectively, of the State Board of Education, the Superintendent of Public Instruction, the board of trustees of the school district, and consideration of the facts as shown by the record, will readily suggest the correct determination of the controversy.

The State Board of Education is a constitutional board (Art. XI, sec. 11); that section of the Constitution provides in part: "The general control and supervision of the state university and the various other state educational. institutions shall be vested in a State Board of Education, whose powers and duties shall be prescribed and regulated by law. The said board shall consist of eleven members." The following mandate is imposed upon the legislature by the Constitution: "It shall be the duty of.the legislative assembly of Montana to establish and maintain a general, uniform and thorough system of public, free, common schools." (Art. XI, sec. 1.) The State Board of Education is a part of the executive department of the state government. (*State ex rel. Public Service Commission* v. *Brannon,* 86 Mont. 200, 283 Pac. 202, 67 A. L. R. 1020.) The provision of the Constitution first above mentioned vests in the state board general control over and supervision of all state educational matters, including district and high schools. (*State ex rel. Stephens* v. *Keaster,* supra.) The state board may prescribe and accredit such high schools as maintain the standards prescribed. (Subsec. 4, sec. 836, Rev. Codes 1921.) It shall have power, and it shall be its duty, to adopt rules and regulations for the execution of the duties and powers conferred. (Subsec. 2, sec. 836, Id.; see, also, sec. 70, Chap. 148, Laws of 1931.)

526

The Superintendent of Public Instruction is one of the seven executive officers of the state provided for by the Constitution (Art. VII, sec. 1); a constitutional member of the State Board of Land Commissioners having control of the school lands (Art. XI, sec. 4); a constitutional member of the State Board of Education (Art. XI, sec. 11). By statute the superintendent has supervision of all public schools of the state, subject to general supervision of the state board (sec. 932, Rev. Codes 1921), and must report annually to the Governor (sec. 939, Id.); "shall prepare, or cause to be prepared, with the cooperation and approval of such educators as' may be named by the State Board of Education, a course of study for all the public elementary and high schools of the state, *and shall prescribe to what extent the same is to be used"* (sec. 941, Id.); shall decide all appeals from decisions of county superintendents (sec. 943, Id.); shall be the Secretary of the State Board of Education (sec. 833, Id.); shall have general supervision over the budgets of elementary schools and the enforcement thereof (sec. 25, Chap. 146, Laws of 1931); on approval of the State Board of Education, shall appoint a supervisor of high schools who shall inspect all such schools of the state and report from time to time (sec. 69, Chap. 148, Laws of 1931.)

"When the board of trustees of any school district desires to establish a high school, it shall petition the Superintendent of Public Instruction, prior to June first of the current year for the permission to do so. * * * An investigation shall be made thereafter by a designated representative of the Superintendent of Public Instruction and his report on the petition filed with it before the petition is acted upon. *The Superintendent of Public Instruction must have passed favorably on any such petition before the high school proposed may be established by the district."* (Chap. 9, Laws of 1933, amending sec. 38 of Chap. 148, Laws of 1931.)

A school district is a public corporation, a political subdivision of the state; its board of trustees are its directors and managing officers. (*McNair* v. *School District No. 1, of*

*Cascade County,* 87 Mont. 423, 288 Pac. 188, 69 A. L. R. 866; *Henderson* v. *School District No. 44,* 75 Mont. 154, 242 Pac. 979; *State ex rel. School District No. 4, Rosebud County,* v. *McGraw,* 74 Mont. 152, 240 Pac. 812.) A school board cannot act except through its board of directors, and in a formal meeting. (*Day* v. *School District No. 21,* 98 Mont. 207, 38 Pac. (2d) 595; *Dierks Special School District* v. *Van Dyke,* 152 Ark. 27, 237 S. W. 428; *Daugherty* v. *Board of Education* 86 W. Va. 522, 103 S. E. 406; *Cloverdale Union High School District* v. *Peters,* 88 Cal. App. 731, 264 Pac. 273.) A regularly convened session is essential to the validity of the act of such a public body. The statute vests the power to act in the board, not in the individual members. (*Day* v. *School District No. 21,* supra; *Board of Education* v. *American Nat. Co.,* 135 Okl. 253, 275 Pac. 285; *Coleman* v. *District of Columbia,* 51 App. D. C. 352, 279 Fed. 990.)

The structure outlined in the mandatory provisions of the Constitution heretofore quoted looking to the establishment of a system of free public schools, and perfected by legislative Act, is built around the State Board of Education and the Superintendent of Public Instruction. Both of these state agencies are executive in character. The Constitution provides, and this court has said in the cases cited, that the state board has general supervision of all institutions of learning that are public in nature,—that is, schools maintained in whole or in part at public expense. They are the state agencies upon which the state has imposed, by the Constitution and legislative Acts, the duties to build and maintain the state's system of public instruction, and the legislature has vested in the board power to make and enforce rules and regulations consonant with law to accomplish the purposes for which the state board was created. The members of the board by legislative Act must serve without compensation, and it is obvious that the legislature intended to have other state officers and employees assemble the necessary facts and information essential to the exercise of the board's supervising power. It will not be presumed that a state board serving without compensa-

528

tion shall be required to assemble the necessary data upon which it bases its decision. The Superintendent of Public Instruction is the secretary of the board, and the department of the superintendent is the chief source of the detailed information upon which the board must depend. Any attack upon the system should be made upon the Constitution and through the legislature, not here.

The facts established by the evidence or admitted are: (1) That the Somers school attempted to provide for the third-year high school work before obtaining the approval of the Superintendent of Public Instruction, such act being contrary to the provisions of Chapter 9, Laws of 1933, and also contrary to a rule adopted and published by the state board to the same effect. (2) It is alleged in the petition that a third year of high school work was provided for and that such third year was authorized by the board of trustees of the Somers school, but no evidence was produced, either in the form of a minute entry or by the testimony of any member of the board of trustees, to support the affidavit that any such action was taken or authorized by the board of trustees. Neither is there any evidence in the record to show that legal demand was made upon the board to accredit the school. It cannot be said that the state board is in default until legal demand is shown and refused. (*Cook Talcott & Onderdonk* v. *Board of Harbor Commrs.*, 53 Cal. 199; *Oroville & V. R. Co.* v. *Supervisors of Plumas County*, 37 Cal. 354; 38 C. J. 694, sec. 266.) There are exceptions to this rule, but we think they are inapplicable here. We think public corporations must show formal action by the proper officials before any such legal demand as is necessary here can be enforced by mandamus.

It must be kept in mind that the remedy sought by the plaintiffs is extraordinary, and one that is granted, not as a matter of right, but only in the sound discretion of the court. (*State ex rel. Donovan* v. *Barret*, 30 Mont. 203, 81 Pac. 349; *State ex rel. Danaher* v. *Miller*, 52 Mont. 562, 160 Pac. 513.) Mandamus will lie to compel a board to do a

ministerial act about which it has no discretion. (*State ex rel Stringfellow* v. *Board of Commissioners,* 42 Mont. 62, 111 Pac. 144; *State ex rel. Stuewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485.) Where the person has a specific right and the public officer is acting ministerially and has no discretion in the matter, mandamus will lie. (*State ex rel. Robert Mitchell Furniture Co.* v. *Toole,* 26 Mont. 22, 66 Pac. 496, 91 Am. St. Rep. 386, 55 L. R. A. 644.)

As to whether an act is ministerial or judicial, it is said: "The distinction between mere ministerial and judicial and other official acts is generally said to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial." (38 C. J. 598, sec. 72.)

Mandamus will not lie against the board unless (1) there is a clear legal right in the petitioner; (2) a clear legal duty not involving discretion to act on the part of the board; and (3) the writ will be an effectual remedy. (*State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 106 Pac. 695, 20 Ann. Cas. 239; *State ex rel. Cutts* v. *Hart,* 56 Mont. 571, 185 Pac. 769, 7 A. L. R. 1678; *State ex rel. City of Cut Bank* v. *McNamer,* 62 Mont. 490, 205 Pac. 951; *State ex rel. Lockwood* v. *Tyler,* 64 Mont. 124, 208 Pac. 1081; *State ex rel. Bourquin* v. *State Board of Equalization,* 67 Mont. 340, 215 Pac. 667; *Stabler* v. *Porter,* 72 Mont. 62, 232 Pac. 187.) The writ should not issue if there is a doubt of its necessity or propriety. (*State ex rel.* v. *Hare,* 78 Or. 540, 153 Pac. 790; *Bankers' Commercial Sec. Co.* v. *District Court,* 60 Utah, 601, 211 Pac. 187.) The last-mentioned rule is supported, in effect, by the Montana decisions last cited above in addition to the decisions cited from other jurisdictions.

It is suggested by counsel for the defendants that there never has been any hearing on plaintiffs' alleged application in any sense by the state board. Obviously the state

board cannot be forced to act when a provision of the statute and one of its rules have been ignored in an essential preliminary matter. The Somers school failed to come before the board with the approval of the Superintendent of Public Instruction. True, the state board might have waived these requirements, but we think it would have been derelict in its duty as the supervising power of the schools if it had done so. No great amount of activity was shown by any party on behalf of the Somers school, except by the principal, who, for reasons stated, was not properly accredited with authority to show any right to act for the board. He was accompanied to the informal hearing before the State Board of Education by two members of the local school board, but neither of the members of the school board took any part in the proceedings, and there was nothing before the board to show any "clear legal right" that would justify the state board in overriding the opposition of the Superintendent of Public Instruction. Even if the records of the minutes of the board authorizing the additional work and demand on the state board for accrediting were in evidence, there is still ample in the record to justify the superintendent's refusal to approve the application, and until such approval was obtained the applicant was not legally before the state board nor entitled to be heard.

The physical facilities of the school and the question as to whether the additional third year of high school might adversely affect the financial interests of the grade schools are questions that are in dispute, but are matters to be determined at the discretion of the Superintendent of Public Instruction and the state board.

We think that all that has been said so far is consonant with the intention of our lawmakers as expressed in the Constitution and in legislative Acts, but the final barrier to the plaintiffs' demands is the discretionary power in the state board. That the state board acted arbitrarily or capriciously in denying the application of the plaintiffs is to say that the legislature acted arbitrarily or capriciously in vesting the powers in the state board and the Superintendent of Public Instruction that

they are required to exercise in supervising our public schools, and we think that any such contention is shown to be without merit by even a casual investigation of the laws referred to heretofore, and if the state board did not act arbitrarily or capriciously, then no legal ground remains to justify the issuance of the writ. "Repeatedly, and consistently, this court has adhered to the rule that courts will not substitute their discretion for the discretion reposed in officers or boards by legislative enactment." (*State ex rel. North American Life Ins. Co.* v. *District Court*, 97 Mont. 523, 529, 37 Pac. (2d) 329, 331, and cases cited.) The state board acts in a quasi-judicial capacity in determining all such matters as that involved here, and "it would greatly impair the government and efficiency of the common schools if the honest judgment and the discretion of the board, exercised in good faith, could be reviewed and reversed by a jury" (or a court). (*Peterson* v. *School Board*, 73 Mont. 442, 236 Pac. 670, 671; see, also, *Young* v. *Board of Trustees*, 90 Mont. 576, 4 Pac. (2d) 725.) In the *Peterson Case,* it was sought to compel the school board of district No. 1 of Cascade county to admit a pupil not a resident of the district without tuition. To determine whether the pupil was entitled to attend such school without paying the tuition fixed by the board or not, was held to be within the discretion of the school board and with which the courts would not interfere.

If the plaintiff school has been given no legal hearing by the state board, a fact which we believe the record shows, the state board may be compelled to meet and act in the premises, but only after the local board establishes by satisfactory evidence that all preliminary steps have been taken, and approval to install the third year's work must first be obtained from the Superintendent of Public Instruction. Even if the state board be compelled to grant a hearing, it cannot be compelled to accredit the Somers school unless it be clearly shown that the denial of the application of the Somers school by the state board would be an arbitrary or capricious act. The writ will lie to compel the board to act,

532

and exercise its discretion, but not to direct its conclusions nor the judgment it shall reach; this, of course, means legal discretion. (*State ex rel. Anaconda Copper Min. Co.* v. *Second Judicial District Court*, 25 Mont. 504, 65 Pac. 1020; *Fulmer* v. *Board of Railroad Commissioners*, 96 Mont. 22, 28 Pac. (2d) 849, and cases cited; *Norris* v. *Cross*, 25 Okl. 287, 105 Pac. 1000; *Molacek* v. *White*, 31 Okl. 693, 122 Pac. 523; *Trippeer* v. *Couch*, 110 Or. 446, 220 Pac. 1012; *State Board of Corrections* v. *City and County of Denver*, 61 Colo. 266, 156 Pac. 1100; *State ex rel. Cowles* v. *Schively*, 63 Wash. 103, 114 Pac. 901; *State ex rel. Long* v. *Carey*, 121 Fla. 515, 164 So. 199; *Finigan* v. *Zuber*, 156 Misc. 479, 281 N. Y. Supp. 930; *Sutphin* v. *State*, 130 Ohio St. 183, 198 N. E. 483; *Hansbro* v. *Neiderhofer*, (Tex. Civ. App.) 83 S. W. (2d) 685.)

Numerous other contentions of the parties we think are fully covered by what has been said.

There is no evidence here that any power vested in the state board has been exercised arbitrarily or capriciously. We think the issuance of the writ in this case clearly an invasion of the discretionary power vested in the State Board of Education, and the judgment is therefore reversed, and the cause remanded to the district court, with instructions to quash the writ and dismiss the action.

ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the the argument and takes no part in the foregoing decision.