BOARD OF EDUCATION OF D. C. and D. C. Public School System, and The District of Columbia, a municipal corporation, Appellants,

v.

Jessie C. WILSON, Appellee.

No. 6178.

District of Columbia Court of Appeals.

Submitted March 13, 1972.

Decided April 28, 1972.

C. Francis Murphy, Corp. Counsel, Richard W. Barton, and E. Calvin Golumbic, Asst. Corp. Counsels, were on the brief for appellants.

Marvin E. Preis, Steven M. Cooper and Ronald L. Ogens, Silver Spring, Md., were on the brief for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM.

On January 20, 1969, appellee Wilson applied for a position as principal in the District of Columbia regular summer school program. Thereafter she received a form letter advising her of her selection for such an appointment. The letter stated that the appointment was subject to full funding of the summer school program and the return of an attached acceptance form within five days. The acceptance form provided that acceptance was "[s]ubject to the approval of the Board of Education".

Selection criteria for summer positions were revised before approval of appellee's appointment by the Board of Education and appellee was no longer deemed to meet these criteria. After notification that the Board could not approve her appointment, appellee requested and was granted a grievance hearing under pertinent provisions of the Washington Teachers Union Agreement. A hearing examiner found that the offer of employment had been legally withdrawn and his decision was affirmed by the Ad Hoc Committee on Appeals and Grievances.

Appellee sued the D. C. Public School System, the Board of Education, and the District of Columbia for loss of income following the withdrawal of the offer of her appointment as principal. There being no factual dispute, the issue was decided on cross-motions for summary judgment. The trial court ruled for Mrs. Wilson on the ground that the existence of the contract was conditioned only on the program obtaining full funding, which it received; that the contract was breached upon the failure to appoint appellee as principal, and that appellants were liable to respond in damages.

Appellants' argument, which we accept, is that the intention of the parties was expressed in clear and unambiguous language in the offer of appointment and appellee's acceptance. The acceptance form specified that the position was subject to approval by the Board of Education.[1] No such approval was forthcoming so that no binding contract of employment existed before Mrs. Wilson was notified that she did not meet the criteria for appointment. *Cf.* Coleman v. District of Columbia, 51 U.S.App.D.C. 352, 279 F. 990 (1922). It was therefore error for the trial court to enter judgment for appellee.

Reversed with directions to enter judgment for appellants.

1. Indeed, such approval is required by D.C.Code 1967, §§ 31–102 and 31–103 (Supp. IV, 1971).