FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0257

 ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0257

RACHELL RENE FLORES,

Petitioner,

v.

SGT. BRADLEY BRAGG,
Lewis & Clark Detention Center,

Respondent.

ORDER

FILED

AUG 2 0 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Rachell Rene Flores has filed a Petition for Writ of Mandamus concerning her detention and medical care while in the Lewis and Clark County Detention Center (LCCDC). In compliance with this Court's May 7, 2024 Order, the Department of Corrections (DOC) has filed a response in which it asserts that a writ of mandate is not the appropriate remedy.

Flores seeks various forms of relief while detained in the LCCDC. Citing to various constitutional provisions, she claims excessive sanctions, cruel and unusual punishment, deliberate indifference, and exacerbation of her mental health problems. Flores discusses her detention and alleges lack of medical care and treatment for her various medical ailments. She contends that another female inmate assaulted her with choking and pulling her hair earlier this year and then the inmate was placed in Flores's cell. She states that she is not allowed timely blood glucose tests for her hypoglycemia. Flores requests that the LCCDC investigate the assault; that the LCCDC refrain from interfering with her care via Pureview; and that she be compensated.

DOC responds that a writ of mandamus is only appropriate for ministerial acts and is not appropriate for discretionary acts. DOC points out that Flores argues for *more* medical treatment and care and that Flores does not advance she did not receive *any*

medical treatment. (Emphasis added.) Because Flores is requesting additional medical care from DOC, it responds that the writ of mandate is not appropriate here because the degree of medical care is an act of discretion. Section 27-26-102(1), MCA; *State ex rel. School Dist. v. Cooney*, 102 Mont. 521, 529, 59 P.2d 48, 53 (1936). DOC asserts that the writ's purpose to enforce the performance of a clear legal duty. *Smith v. Cnty. of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. The State asserts that Flores has not demonstrated DOC's clear legal duty in this case. DOC also points out that, on June 17, 2024, Flores was transported to Passages Assessment and Sanction Center in Billings for treatment, thereby mooting her petition for a writ of mandamus. *Ramon v. Short*, 2020 MT 69, ¶ 21, 399 Mont. 254, 460 P.3d 867.

We find DOC's arguments dispositive of Flores's writ for extraordinary relief. Flores is not entitled to relief via a writ of mandate against the LCCDC. While she has referenced various constitutional provisions, Flores has not demonstrated entitlement to the performance of a clear legal duty. Section 27-26-102(1), MCA; *Smith*, ¶ 28. This Court cannot provide the relief that she has requested through this remedy. Accordingly,

IT IS ORDERED that:

1. Flores's Petition for Writ of Mandamus is DENIED and DISMISSED;

2. Flores's Second Supplement Affidavit is DISMISSED; and

3. the Clerk of the Supreme Court is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to: counsel of record; Bradley Bragg, LCCDC; Chad M. Wright, Appellate Defender Division; and Rachell Flores at her last known address.

DATED this 20 day of August, 2024.

_____
Chief Justice

_____

_____

_____
Justices