WILLIAM HAMILTON *et al.*

*v.*

OLE FRETTE *et al.*

*Opinion filed February 20, 1901.*

1. SCHOOLS—*legal petition is necessary to authorize trustees to change districts.* A legal petition, such as is specified in section 48 of article 3 of the School law, is necessary to confer power and jurisdiction on trustees of schools to divide or consolidate school districts, create new districts out of existing ones, or to detach territory from one district and add it to another.

2. SAME—*when petition to form new district is sufficient.* If petitions to form a new school district by adding portions of other districts to one whole district, comply with clause 3 of section 48 of article 3 of the School law, in having the signatures of two-thirds of all the legal voters residing within the territory proposed to be made into the new district, it is not necessary that they also comply with clause 2 of such section, relating to detaching territory from one district and adding it to another, by having the signatures of two-thirds of the legal voters living in each of the different portions of the territory going to compose the new district.

3. SAME—*when decision to form new district is final.* Where petitions to form a new school district out of different districts lying in three townships and two counties have been denied by the trustees of the respective townships and an appeal is taken to the two county superintendents, who, with the county judge, decide to form the new district, such decision is final and conclusive of the question whether the petitions were designed to evade the requirements of the law relating to petitions to detach territory from one district and add it to another.

APPEAL from the Circuit Court of Ford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

WILLIAM W. WEBBER, for appellants.

CLOUD, MOFFETT & THOMPSON, for appellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Ford county, on the hearing of the issues formed under a petition in the nature of *quo warranto* exhibited in behalf of the appellees against the appellants, ruled that the proceedings taken and had for the purpose of organizing Union School District No. 8, in the counties of Ford and Champaign, were fatally defective; that said alleged district was without legal organization, and that the said appellants were without warrant of law to act as school directors of said district.

The said Union School District No. 8 contained many more than ten families, and was organized on a petition signed by two-thirds of all the legal voters residing in the territory embraced within the district, asking that said territory be made a new school district. The territory which said petition asked to be erected into a new district consisted of all the territory which then constituted school district No. 1, township 22, north, range 9, in Champaign county, and certain other territory which then constituted parts of school districts Nos. 4 and 5, township 22, range 9, and districts Nos. 3 and 4, township 22, range 10, in Champaign county, and certain other territory which then constituted a portion of school district No. 3, township 23, range 9, in Ford county.

The appellees contended,—and this view was accepted by the circuit court,—that the real purpose sought to be attained by the petition and the proceedings thereunder was to detach territory from said districts 4 and 5 in range 9 and districts 3 and 4 in range 10 in Champaign

county, and district 3 in Ford county, and attach the same to said district 1 in Champaign county, and that it was necessary to the accomplishment of that purpose that the petitions therefor should have borne the signatures of two-thirds of the legal voters in each of the respective portions of said other school districts proposed to be detached from said districts of which they, respectively, composed a part and attached to said school district No. 1.

Section 47 of chapter 122 (3 Starr & Cur. Stat. 1896, p. 3662,) entitled "Schools," invests trustees of schools with power, on proper petition, to divide or consolidate school districts or organize new school districts out of territory belonging to two or more districts. Section 48 of said chapter 122 reads as follows: "No change shall be made as provided for in the preceding section, unless petitioned for: *First*—By a majority of the legal voters of each of the districts affected by the proposed change. *Second*—By two-thirds (⅔) of the legal voters living within certain territory described in the petition asking that the said territory be detached from one district and added to another. *Third*—By two-thirds of all the legal voters living within certain territory, containing not less than ten (10) families, asking that said territory may be made a new district."

It follows, that in order to give the trustees of schools jurisdiction to entertain and act upon a proposition to detach territory from one school district and add the same to another, the petition must contain the signatures of two-thirds of the legal voters living within the territory so proposed to be detached. The circuit court having determined the purpose of the petition on which were had the proceedings resulting in the alleged formation of said union district No. 8 was to detach territory from one district and attach the same to another, ruled such petition on which such proceeding rested was insufficient to confer jurisdiction on the trustees to take action in

the matter, and that for that reason there was a fatal defect in the organization of said union district No. 8.

A legal petition, as specified in the said section 48 of said chapter 122, is necessary to confer power and jurisdiction on trustees of schools to divide or consolidate school districts, or create a new district out of the. territory of existing districts, or detach territory from one district and attach it to another; but we are unable to agree with the view entertained by the circuit court that the organization of said union district No. 8 must be declared invalid because the petition upon which said proceedings were based did not meet the requirements of the statute as to petitions to detach territory from one district and attach the same to another. The territory embraced in said union school district No. 8 is situate in three different townships. It was therefore necessary petitions should be presented to the boards of school trustees of each of said townships. Three petitions identical in language, asking for the formation of the new district, were prepared and were each signed by two-thirds of the legal voters residing within the limits of the proposed new district, and one of such petitions was presented to each of the said boards of school trustees. (Chap. 122, secs. 48, 51.) The prayers of the respective petitions were denied by each of the said boards. An appeal prosecuted in pursuance of the provisions of sections 55 and 56 of said chapter 122 (3 Starr & Cur. Stat. 1896, p. 3666,) brought the prayer of the petitions before the respective superintendents of schools of the counties of Ford and Champaign, and, because of the failure of such superintendents to agree, before said superintendents and the county judge of Champaign county, who, upon a full hearing of the evidence produced by the petitioners and the objectors, and the arguments of counsel for said parties, ordered and adjudged that the prayer of the petitions should be granted and the new district erected and established. The petitions complied in all

respects with the requirements of the third clause of section 48 of said chapter 122, and being for the formation of a new district it was not necessary, as we held in *Parr v. Miller*, 146 Ill. 596, they should also comply with the requirements of the first and second clauses of said section. On the face of the papers each petition was legal and sufficient as a petition for the creation of a new district. Their presentation clothed the school trustees of the respective townships with jurisdiction to consider the prayer of the petitions and with power to grant or refuse the same, and the said superintendents of schools and the said county judge became vested with like jurisdiction and power by the appeal taken from the action of the school trustees. Having such jurisdiction and power, is there any reason the action of the tribunal composed of said superintendents and said county judge should not be deemed valid and final?

The trial court, in propositions of law submitted as applicable to the case, held that the court "will look to the facts and object and purposes to determine whether a petition which purports to be a petition to organize a new union school district is, in legal effect, a petition for the organization of a new district, or to detach territory from one school district and attach it to an adjacent district;" and "if a petition purporting to be a petition for the organization of a new union school district is in legal effect, when applied to the facts and object and purposes, a petition to detach territory from one school district and attach the same to an adjacent district, the school trustees to whom such petition is addressed cannot enter an order for the organization of a new school district upon such petition unless the requirements for detaching and annexing are complied with."

The court prepared and signed findings of facts and incorporated the same in the bill of exceptions, as follows: "That school district No. 1, township 22, north, range 9, east of the third principal meridian, in Cham-

paign county, has within its limits the village of Ludlow; that, to provide the necessary facilities for the inhabitants of said school district No. 1 in township 22, it became necessary to build and construct a new school building or provide additional school rooms; that the inhabitants of school district No. 1 in township 22 aforesaid, felt that the burden of providing for additional school facilities would be heavy upon the district as it then stood, and that in a measure to relieve this burden conceived the plan of enlarging the school district; that the object and purpose in filing the petitions for the organization of the alleged new district was to enlarge a school district so as to enable the inhabitants of school district No. 1 to build a new school house or provide additional school rooms in the village of Ludlow, within said district No. 1, and lessen the burden of taxation that would necessarily result; that said petitions filed with the respective boards of trustees were signed almost entirely by legal voters within said original district No. 1, and in the village of Ludlow therein."

Upon the facts so found the court ruled that in legal effect the petitions presented, though in form praying for the organization of a new school district, were in fact to detach territory from one school district and attach it to another, and were insufficient to invest the trustees of schools with power and jurisdiction to entertain the petitions, for the reason they were not signed by the requisite number of petitioners qualified, under the second clause of said section 48, to ask the transfer of territory from one district to another, and hence ruled the tribunal composed of the county superintendents and the said county judge was lacking in power and authority to take jurisdiction of the petitions and act upon the prayer thereof.

If we are to understand the order entered by the said county superintendents and county judge was deemed by the trial court to be invalid on the theory the petitions

upon which such order rested were framed as petitions asking for the formation of a new district as a mere evasion of the statutory provisions, the real purpose being, in fact, to accomplish the detaching of territory from the other districts and attaching the same to district No. 1, we must hold the trial court fell into error, for, as we said in *People* v. *Allen*, 155 Ill. 402, "the remedy, when it is claimed the petitioners seek to evade the statute, is before the trustees or superintendents on appeal." Nor do we find any fact recited in the finding of facts, or otherwise appearing in the record, by which the judgment of the trial court can be vindicated. The facts so recited, or any other facts proven, have no effect to render invalid an otherwise valid order of the proper authorities organizing the said district. So far as such facts were at all properly cognizable they were for the consideration of the boards of school trustees and the body composed of the county superintendents and the county judge, and not for the civil courts. The necessity for the construction of additional school buildings or additional school rooms or other school facilities, and the expense thereof as a burden on the tax-payers, in the districts as organized or as changed by the organization of the new district, were elements proper to be considered by the boards of trustees and the board composed of the superintendents of schools and the county judge on appeal, in determining as to the advisability of erecting or refusing to erect a new district. These matters are committed by the statute to the decision of the trustees of schools and the body sitting in review of the action of such trustees, on appeal, and a decision so rendered is final.

The judgment of the circuit court must be and is reversed, and the cause will not be remanded.

*Judgment reversed.*