(74 App. Div. 58.)

PEOPLE ex rel. UNDERHILL et al. v. SKINNER, State Superintendent of Public Instruction.

(Supreme Court, Appellate Division, Second Department.　June 6, 1902.)

1. SCHOOL DISTRICTS—DECISIONS—APPEAL TO SUPERINTENDENT OF PUBLIC INSTRUCTION—JURISDICTION.

Consolidated School Law, § 257, gives any person conceiving himself aggrieved by any decision of any school district meeting the right to appeal to the superintendent of public instruction, and authorizes him to examine and decide the controversy. A school district meeting allowed members of one of its committees expenses incurred by them in the defense of a libel suit growing out of reports made by them as members of such committee. *Held*, that the superintendent of public instruction had jurisdiction of an appeal by the plaintiff in such libel suit from the decision allowing such expenses.

2. SAME—PARTIES.

The only parties to an appeal under Consolidated School Law, § 257, giving any person conceiving himself aggrieved by any decision of any school district meeting the right to appeal to the superintendent of public instruction, are the persons constituting such meeting and the person conceiving himself aggrieved, and, where the grievance consists of the allowance of a claim to third parties, such third parties have no standing to raise any questions on the appeal therefrom.

3. SAME—OFFICERS—COMMITTEEMEN—ACTIONS—EXPENSES.

Members of a school district meeting, constituting a committee to investigate the financial affairs of the district, are not school district officers, within the purview of Consolidated School Laws, § 264, allowing such officers their expenses in suits against them growing out of the performance of their official duties, and, though sued for libel growing out of their report, cannot recover from the district the expenses of the suit.

Certiorari by the people, on relation of Abram S. Underhill and others, against Charles R. Skinner, superintendent of public instruction.　Writ dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Griffin & Young, for the motion.
Smith Lent, opposed.

WOODWARD, J.　The relators, by a writ of certiorari, seek to review the action of Charles R. Skinner, as state superintendent of public instruction, in setting aside the action of the duly qualified electors of school district No. 1 of the town of Ossining, at a school meeting held on the 6th day of August, 1901.　It is necessary, to an understanding of the questions here presented for review, to briefly recite some antecedent history of the school district involved.

On the 1st day of August, 1899, at a duly called meeting of the electors of the school district above mentioned, the board of trustees made a report of the financial affairs of the district, and made a demand for an increased amount of money.　As a result of the meeting, a committee of five members was appointed to investigate the report which had been submitted, and to report at an adjourned meeting to be held on the 22d day of August, 1899.　The relators constituted three of the five members of such committee, and, after

making an investigation of the report, the committee reported to the adjourned meeting that there was a shortage in the financial affairs of the district, and implicated Smith Lent and another in the report in such a manner that Mr. Lent subsequently felt called upon to bring an action against each one of these relators, charging them with libel. Similar actions were brought by the other person involved in the matter, but as he is now dead it is not important to consider him. The actions for libel, in addition to the matters alleged in this report, charged the several relators with writing and publishing in a local newspaper an elaboration and justification of the original report, and the actions were brought, not against the relators in any official or representative capacity, but as individuals. The relators employed able counsel, and the several actions either abated or were determined in favor of the defendants. Subsequently the relators, acting upon the theory that they were school district officers within the meaning of section 264 of the consolidated school law (1 Birdseye, Rev. St. [2d Ed.] p. 566), presented a claim in writing, under oath, to a regular meeting of the inhabitants of school district No. 1 of the town of Ossining, requesting the payment of $2,278.99 for expenses incurred in defending the several actions for libel which Mr. Lent and another had brought against them, and this claim, by a vote taken by ballot, was allowed. Mr. Lent, under the provisions of section 257 of the consolidated school law, appealed to the state superintendent of public instruction, who, after hearing the case, entered an order setting aside the action of the school district meeting, and it is this order that we are asked to review at this time.

By the provisions of section 2140 of the Code of Civil Procedure, this court is authorized, on the hearing upon the return to a writ of certiorari, to inquire whether the body or officer had jurisdiction of the subject-matter of the determination under review, and whether there was any competent proof of all of the facts necessary to be proved in order to authorize the making of the determination, as well as some other matters not necessary to be here considered. The facts here are not disputed, and we are to determine whether the state superintendent had jurisdiction, and, if he did, whether the conceded facts justified the action taken.

Section 257 of the consolidated school law provides:

"Any person conceiving himself aggrieved in consequence of any decision made by any school district meeting * * * may appeal to the superintendent of public instruction, who is hereby authorized and required to examine and decide the same; and his decision shall be final and conclusive, and not subject to question or review in any place or court whatever."

Mr. Lent appears to have felt himself aggrieved at the action of the school district meeting of Ossining in voting to pay the expenses of the relators in defending the actions which he had brought against them for libel, and he has appealed to the superintendent of public instruction, who has set aside the action of such meeting. There would, therefore, appear to be no question that the officer had jurisdiction of the subject-matter, and the action of the superintendent of public instruction operates to set aside the action of the district meet-

ing in allowing the claim of the relators. The statute says that his decision shall be final and conclusive, but the relators urge that this provision of the statute is unconstitutional, because it seeks to deny jurisdiction to the supreme court. We are of opinion that the relators have misapprehended the law in this particular, as in the assumption that the district had a right to appropriate the money of the taxpayers in defending private actions against themselves. The school district is a quasi corporation, and it is clearly within the power of the legislature to say that such a corporation shall not appeal from the determination of an officer authorized to adjust controversies to which it is a party. The party who feels himself aggrieved, if he has a clear legal right, may, no doubt, enforce it in the courts, while in a matter in which he merely has a grievance the statute provides that he "may appeal to the superintendent," and, if he does so, he must accept the terms under which the privilege is granted. No rights of the relators are involved. The only parties to the appeal are the persons constituting the school district meeting, and the "person feeling himself aggrieved in consequence of any decision made * * * by any school district meeting." If the relators have any legal rights they are not here involved, and they are not in a position to raise the constitutional question suggested, even though it has merit, which we do not concede.

But, upon the merits, we are of opinion that the state superintendent of public instruction has correctly determined this controversy. The relators can have no rights which are not given by the statute to recover the expenses of litigation, and they have not shown facts sufficient to bring themselves either within the letter or the spirit of the consolidated school law. They were not school district trustees or officers. They were not defending any action in which the school district was involved in the slightest degree. If all of the actions had been determined in favor of the plaintiffs it would not have cost the school district one cent, nor could any judgment have been rendered against the district or any of its officers. The actions, because they grew out of a controversy over the affairs of the school district, did not impose any duty, either legal or moral, upon the inhabitants of the district to pay the cost of the litigation, any more than would be the case if the trouble had grown out of the shortage in accounts of the village treasurer or the supervisor or any other public officer or body, and it would be against public policy to permit individuals to defend purely personal actions at the expense of the community. Men undertake public duties—they discharge the duties of citizenship—subject to the risk of being called upon to defend their conduct in the courts. It is one of the penalties we pay for the protection of society, and because the relators have been called upon to make large disbursements in vindicating their report is no reason why they should expect the school district to go outside of the law to reimburse them.

The writ of certiorari should be dismissed, with costs. All concur.