(No. 15336.—Reversed and remanded.)

THE PEOPLE *ex rel.* A. E. WOODWARD, Appellant, *vs.* THE BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT No. 408, Appellee.

*Opinion filed June 20, 1923.*

1. WORDS AND PHRASES—*what is a petition.* A petition is a written application requesting the granting of some benefit or privilege, the performance of some duty or the doing of some act.

2. SCHOOLS—*act of 1921 validating changes in boundaries requires petition in each county.* The act of June 24, 1921, validating changes in the boundaries of township or community high school districts, requires the concurrent action of *ex-officio* boards in the several counties in which the districts affected are situated; and to give such boards jurisdiction a petition is essential in each county, and the mailing of a copy of the petition presented in one county to the boards of the other counties does not comply with the condition of the validating act nor confer jurisdiction upon the boards of the other counties.

3. SAME—*when petition is not sufficient to detach territory of district and add it to community high school district.* Where a proposed community high school district includes a part of the territory of another high school district, a petition, which was circulated

before the election for the organization of the community high school, is not rendered sufficient to authorize the detachment of the territory of the other district and the adding of it to the new district by inserting the name of the new district in the petition after the election, as the petition speaks from the time it is signed and has no effect to authorize the addition of territory to a district which was not in existence when it was signed.

APPEAL from the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

CASSIUS POUST, State's Attorney, (HARRY C. LEWIS, and JOHN FAISSLER, of counsel,) for appellant.

L. B. OLMSTEAD, and C. A. DARNELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of DeKalb county dismissed the information filed in this case by the State's attorney in the name of the People, on the relation of A. E. Woodward, challenging the right and authority of the board of education of Community High School District No. 408 of DeKalb and LaSalle counties to exercise jurisdiction over territory in the information described, and rendered judgment against the relator for costs. The defense to the information was that the territory in question had been detached from High School District No. 402 in DeKalb, LaSalle and Kendall counties and attached to Community High School District No. 408, and that is the question to be decided on this appeal.

There was no controversy as to any fact and nearly all material facts were agreed upon. High School District No. 402 of DeKalb, LaSalle and Kendall counties was, and for some years has been, an organized high school district, maintaining a high school. It issued bonds to the amount of $148,000 and sold the same and with the proceeds erected a school building on a site purchased for that purpose. On February 13, 1920, more than fifty legal voters residing in

the territory described in a petition presented the petition to the county superintendent of schools of DeKalb county, in which county the greater part of the territory described in the petition was situated, asking that an election be held for the purpose of voting for or against the proposition to establish a community high school in DeKalb and LaSalle counties. The county superintendent ordered an election to be held on February 23, 1920, and notices for the election were posted. Between the time that the petition was presented to the county superintendent of schools, on February 13, 1920, and the date fixed for the election, a petition was circulated in the territory in question, which was a part of High School District No. 402, and one of those who circulated the petition testified that it was a week or two before the election of February 23 on the question of organizing a community high school district. There was a single petition directed to the county superintendent, county judge and county clerk of DeKalb county, the county superintendent, county judge and county clerk of LaSalle county, and the county superintendent, county judge and county clerk of Kendall county, and it prayed that said *ex-officio* boards of the respective counties should detach the lands therein described from High School District No. 402 of the counties of DeKalb, LaSalle and Kendall and that said lands should "be added to and made a part of community high school district........adjacent thereto." There was no community high school district designated and none existing adjacent to district No. 402. Community High School District No. 408 had not been created nor an election held on the question whether it should be created. An election on the question of organizing the community high school district was held on February 23, 1920, and a majority of the votes was in favor of organizing the district. Returns of the election were made and were delivered to the county superintendent of schools of DeKalb county on the same day of the election, at 4:45 P. M. An attorney for the petitioners asking

to have the territory detached from High School District No. 402 was in attendance upon the superintendent of schools, and when the returns of the election were received he wrote in the petition in the blank space, "No. 408 of DeKalb and LaSalle counties, Illinois," and handed the petition to the county superintendent, who indorsed upon it, "Filed in my office Feb. 23, 1920, at 5:15 P. M." Two copies of the petition had been made with the same blank space, not designating any district, and the attorney wrote the same words in the blank space in the copies. The county superintendent was requested to send one copy of the petition to the *ex-officio* board of LaSalle county and one to the *ex-officio* board of Kendall county, which was done. There was nothing to show that the copies made were copies of anything, and on March 18, 1920, the county superintendent of schools of LaSalle county returned the copy sent him, asking for some evidence that it was a copy of a petition. On March 23, 1920, the *ex-officio* board of DeKalb county certified that the paper was a copy, and sent it back to the superintendent of schools of LaSalle county. A like certificate was made and sent to the *ex-officio* board of Kendall county, with the request to attach it to the copy sent that board. The *ex-officio* board of DeKalb county held a public hearing on the petition on May 12, 1920, at Sandwich, in that county. The *ex-officio* board of Kendall county held a public hearing on the same day at Sandwich, outside of Kendall county, and that was the only public hearing by the *ex-officio* board of Kendall county. The *ex-officio* board of LaSalle county had a public hearing at Ottawa, in that county, on May 14, 1920. Neither board made any order at the time when a public hearing was held, but on July 16, 1920, the *ex-officio* board of LaSalle county made an order granting the prayer of the petition; the *ex-officio* board of Kendall county made a like order on September 27, 1920, and on February 14, 1921, the *ex-officio* board of DeKalb county made a similar order.

The proceeding for detaching the territory from High School District No. 402 and attaching the same to Community High School District No. 408 was attempted under section 90 of the act to establish and maintain a system of free schools, as amended in 1917. (Laws of 1917, p. 737.) On June 22, 1921, section 90 was held to be unconstitutional because it delegated legislative power to the superintendent of public instruction, and therefore there was no law for the proceeding in this case and it was without authority and void. (*Jackson* v. *Blair*, 298 Ill. 605.) On June 24, 1921, two days after section 90 had been declared void, an act was passed purporting to validate changes in the boundaries of township or community high school districts. (Laws of 1921, p. 828.) That act, so far as it has any relation to this case, was as follows:

"Subject to the conditions of section 2 of this act all changes of boundaries of township or community high school districts whereby:

"1. Territory was detached from one high school district and added to another high school district; or

"2. A community high school district was created from territory belonging to one or more high school districts; or

"3. Territory was detached from a high school district and added to a non-high-school district; or

"4. Territory not within a high school district was added to a high school district; or

"5. A community high school district was created from territory belonging to one or more high school districts, together with territory from a non-high-school district;

"Are hereby made legal and valid.

"Sec. 2. However no such change of boundry [boundary] as described in section 1 is validated unless:

"1. Such change was made by the county superintendent of schools, the county judge and the county clerk of the county in which the districts affected were situated, acting as an *ex-officio* board, or, if the districts were in two or

more counties, then by the concurrent action of the county superintendents of schools, the county judges and the county clerks of the counties in which the districts were situated, acting as *ex-officio* boards; and

"2. Prior to the making such change, the change was petitioned as follows:

"(*a*) If the change made was that described to paragraph 1, of section 1, then by a majority of the legal voters at school elections residing within the territory detached from one high school district and added to an adjacent high school district, or by a majority of the legal voters at school elections in each high school district."

This was followed by provisions relating to changes made as described in paragraphs 2, 3 and 4. In the act school districts were classified as high school districts, non-high-school districts and community high school districts, and paragraph 1 related to changes whereby territory was detached from one high school district and added to another high school district. If that paragraph included detaching territory from a high school district and adding it to a community high school district, such a proceeding was only validated upon the express condition that the change was petitioned for, and if the districts were in two or more counties there was concurrent action of the *ex-officio* boards of the respective counties.

There are other questions apparent in the record, but disregarding every other question and assuming that the proceeding came within the language of the validating act, there are two reasons requiring a decision that the proceeding was void. It was a condition of the validating act that prior to making any change the change must have been petitioned for to the *ex-officio* boards of the counties in which the districts affected were situated. A petition is a written application requesting the granting of some benefit or privilege, the performance of some duty or doing some desired act. The validating act required that there should have

been the concurrent action of the *ex-officio* boards of the several counties. They were not to act jointly, but separately and concurrently. A petition to each of the respective boards was necessary to give jurisdiction and as a basis for the action petitioned for. The petition being essential to confer jurisdiction, if a petition should be insufficient the official board would have no jurisdiction, (*Nolting* v. *Batterton,* 231 Ill. 394,) and the territory being in three different counties and the jurisdiction being in three different *ex-officio* boards, it was necessary that a petition be presented to each. (*Hamilton* v. *Frette,* 189 Ill. 190.) Mailing a copy of the petition to the *ex-officio* boards of LaSalle and Kendall counties did not comply with the condition of the validating act nor confer jurisdiction upon those boards.

It was also essential not only that there should be a high school district from which territory was to be detached but an adjacent high school district to which it was to be attached. The petition spoke from the time it was signed, and at that time and when the petition was taken to the county superintendent of schools there was no district in existence to which the territory could be attached. It was claimed that the attorney was authorized to insert the name and number of the proposed community high school district after it should come into existence, and it appears that at least some of the petitioners had in mind the proceeding to create the proposed community high school district, but if some or all of them expected the petition to apply to a district if created, the petition was insufficient because there was no community high school district No. 408 and no one knew that there would be such a district or its designation, and the attempted change was not petitioned for, as required by the validating act.

The judgment is reversed and the cause remanded to the circuit court, with directions to enter a judgment of ouster.

*Reversed and remanded, with directions.*