STATE EX REL. STEPHENS, APPELLANT, *v.* KEASTER ET AL., RESPONDENTS.

(No. 6,301.)

(Submitted March 9, 1928. Decided March 27, 1928.)

[266 Pac. 387.]

*Mandamus — Public Schools — Transportation of Pupils — Appeal to State Board of Education—Constitutionality of Statute—Writs—Motion to Quash — Presumption — Notice—Service on Chairman of Board Sufficient.*

Mandamus—Order of Dismissal—Subsequent Formal Judgment Constitutes Judgment from Which Appeal Lies.

1. Where, pursuant to a motion of defendant in an action for writ of mandate to quash the alternative writ and dismiss the proceeding, the court did so by written order, later rendering judgment of dismissal and for costs, plaintiff appealing from the judgment, respondent's contention that the order of dismissal was the judgment from which appeal should have been taken and that therefore the appeal should be dismissed, *held* without merit.

Schools—Transportation of Pupils—Appeal to State Board of Education—Statute—Constitutionality.

2. *Held*, that section 2 of Chapter 77, Laws of 1927, authorizing an appeal from a decision of a board of school trustees on an application for transportation of pupils from their homes to a

school, etc., to the state board of education, is not open to the objection that under section 11, Article XI, of the Constitution the legislature in prescribing the powers and duties of such board is limited to prescribing powers and duties to be exercised in connection with the state educational institutions and therefore was without authority to clothe it with jurisdiction to pass on appeals relating to matters connected with the common schools.

Constitutional Law—Distinction Between Constitution of State and Federal Constitution.
3.   Unlike the federal Constitution, which is a grant of enumerated powers, the state Constitution is a restriction or limitation upon legislative power—the legislature acts under inherent powers, restricted only by the provisions of the state Constitution.

Same—Legislative Acts Presumed Valid Until When.
4.   A legislative enactment is presumed to be valid and every intendment is in favor of its constitutionality; before it can be held unconstitutional, its unconstitutionality must appear beyond a reasonable doubt.

Statutes Granting Right of Appeal—Liberal Construction—Procedural Defects—Waiver.
5.   Statutes granting a right of appeal must be liberally construed to maintain that right; lack of prescribed procedure does not defeat the right if the appeal be seasonably and reasonably taken; and objection on account of procedural defects may be waived by appearance and submission to the jurisdiction of the appellate tribunal.

Schools—Appeal to State Board of Education—Statute—Lack of Procedural Rules not Fatal to Jurisdiction of Board.
6.   *Held,* under the above rule (par. 5) that section 2 of Chapter 77, Laws of 1927, granting the right of appeal to one dissatisfied with an order of a board of school trustees with relation to transportation of pupils from their homes to a school, to the state board of education, is not ineffective for failure to prescribe procedural rules for taking the appeal.

Same—Mandamus — Transportation of Pupils — Appeal — Discretion of Board of School Trustees Ceases When Ordered by Appellate Tribunal to Comply With Request of Appellant.
7.   While mandamus does not lie to control the discretion of a board of school trustees in deciding an application for transportation of a pupil from home to school, made under the provisions of Chapter 77, Laws of 1927, where the applicant appeals from its decision to the state board of education and it reverses the order appealed from and directs compliance with the petition of the applicant, the board of trustees has no longer any discretion but must obey the order of the reviewing board and may be compelled by mandate to perform its then ministerial duty in the premises.

Writs—Motion to Quash Challenges What—Presumption.
8.   A motion to quash an alternative writ challenges the sufficiency of the writ and the affidavit supporting it, and the allegations of the petition and the affidavit are presumed to be true for the purpose of the motion.

---

4.   See 5 Cal. Jur. 628; 6 R. C. L. 97.
5.   See 2 Cal. Jur. 112; 2 R. C. L. 29.

Notice—Service on Chairman of Board of School Trustees Sufficient as to All Members of Board.

9. Service of notice upon the chairman of a board of school trustees, directed to the board, is sufficient as against the contention that it should have been served upon each member thereof.

---

[1] Mandamus, 38 **C. J.**, sec. 624, p. 896, n. 15.

[2–4] Constitutional Law, 12 **C. J.**, sec. 167, p. 745, n. 2; sec. 221, p. 791, n. 19; sec. 222, p. 795, n. 33. Schools and School Districts, 35 **Cyc.**, p. 860, n. 65, p. 970, n. 67.

[5, 6] Appeal and Error, 3 **C. J.**, sec. 31, p. 319, n. 54; sec. 127, p. 371, n. 46. Courts, 15 **C. J.**, sec. 165, p. 846, n. 24. Mandamus, 38 **C. J.**, sec. 71, p. 593, n. 49; sec. 624, p. 897, n. 20. Schools and School Districts, 35 **Cyc.**, p. 907, n. 66.

[7, 8] Counties, 15 **C. J.**, sec. 128, p. 477, n. 5. Mandamus, 38 **C. J.**, sec. 75, p. 600, n. 84; sec. 331, p. 730, n. 5; sec. 397, p. 762, n. 35; sec. 624, p. 897, n. 17.

[9] Schools and School Districts, 35 **Cyc.**, p. 970, n. 71.

*Appeal from District Court, Chouteau County; Charles S. Hartman, Judge.*

PETITION by the State of Montana, on the relation of Charles Stephens, against Richard R. Keaster, and others, as Trustees of School District No. 2 of Chouteau County. Judgment for defendants and relator appeals. Reversed and remanded.

*Messrs. Murch & Wuerthner,* for Appellant, submitted a brief; *Mr. Julius N. Wuerthner* argued the cause orally.

*Mr. W. S. Towner,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This proceeding is an application for an alternative writ of mandate.

School District No. 2, of Chouteau County, is a school district and body corporate, in which is located a schoolhouse and therein is conducted, in school season, a public school. The respondents are the trustees of the district. The relator is a resident and taxpayer thereof. He is the father of three children of school age. His home is some miles from the schoolhouse.

Relator claims that no transportation for his children has ever been provided by respondents, to enable the children to attend the district school, and that, because thereof and because of the distance from the school and the severity of the climate, he has been unable to send them to the district school and has been compelled to send them to school elsewhere; that he has often requested of respondents transportation for his children to the district school or that house or room rent, board or tuition, elsewhere, for the children be provided, all of which requests have been refused, although the district had sufficient money therefor and could afford it, and that the children are now in school, at his expense, in Great Falls.

Being dissatisfied with the action, in the premises, of respondents, relator appealed therefrom, by virtue of the provisions of Chapter 77, Session Laws of Twentieth Assembly, 1927, to the State Board of Education and served and filed notice of appeal, accompanied by a verified petition to the board, setting forth, as facts, the foregoing stated facts and claims and praying for relief. Respondents answered and relator replied.

The State Board of Education took jurisdiction of the appeal and set it for hearing and on the appointed day relator and respondents, by their respective counsel, appeared and the board had a hearing. As a result, it made and issued an order, in which it is recited that respondents "shall be required to pay $7.50 a month, per child, for three children, during the present school year, either for transportation in own district or for board and room in Great Falls, at the option of appellant, in view of the fact that the family moved to Great Falls without notice of transportation in own district."

Relator had served on the Chairman of the Board of Trustees composed of respondents such order, with written notice that relator chose to use, for board and rent, in Great Falls, for his children, the payments directed to be made and written demand for the amount of such payments then due.

No payment being made, relator filed in the district court his verified petition for an alternative writ of mandate, together with an affidavit, in support thereof. In them are alleged the foregoing statements, with allegation of demand upon respondents and their refusal to pay. It is also alleged that respondents are acting in an arbitrary manner and that relator has no plain, speedy and adequate remedy at law. Prayer is made for the alternative writ of mandate to respondents. Attached to the petition and made part thereof are copies of all of the papers to which we have referred.

An alternative writ was issued and served. Respondents appeared by counsel and moved the court to quash the writ and dismiss the action. The motion was argued and submitted and thereafter the court rendered its decision in favor of respondents and sustained the motion. February 2, 1928, the court made its written order to that effect. February 24, 1928, it rendered and handed down its judgment.

Relator appealed from the judgment and assigns as specifications of error: (1) That the court erred in sustaining the motion; (2) that the court erred in holding that the State Board of Education did not have jurisdiction to make its order; (3) that the court erred in rendering its judgment.

Without moving to dismiss, counsel for respondents suggest [1] this appeal should be dismissed. The ground advanced for the suggestion is the contention that the appeal is taken from "a so-called judgment, purporting to have been made and entered on February 24, 1928." Counsel for respondents contend the court rendered its judgment February 2, 1928, and that if relator desired to appeal he should have appealed from it; that what they denominate the so-called judgment of February 24, 1928, is not a judgment and was made without jurisdiction and no appeal therefrom lies.

We do not agree with counsel. The court's order of February 2 was merely the written order, sustaining respondents' motion and ordering the writ quashed and the action dismissed. "The order of the court was not a judgment. * * * It is

nothing more than an order of the court upon which a judgment of dismissal and for costs could have been entered."
(*State ex rel. Montana Central Ry. Co.* v. *District Court*, 32 Mont. 37, 79 Pac. 546.) "Defendant [here respondents] is, therefore, not entitled to this judgment until after dismissal." (*Miller* v. *Northern Pacific Ry. Co.*, 30 Mont. 289, 76 Pac. 691.) Upon the authority of the two cases cited, we say, the trial court being of the opinion the motion to quash and dismiss was well taken, the proper procedure was for the court first to order the writ quashed and the action dismissed; then to render judgment in accordance therewith. That it did. The judgment, rendered February 24, recites that the action had been, by order of court, dismissed and then gives respondents judgment for their costs, in the sum of $7.50. While not so explicit as it might be, it was intended to be a judgment of dismissal and for recovery of costs and substantially it is a judgment and one for such purposes. The facts that respondents were not required by law to pay fees for court costs and had not paid any, as claimed, do not keep the document from being a judgment. Had relator been dissatisfied with that portion adjudging recovery of costs, he could have moved to modify but that does not deprive him of his right of appeal. He had to choose between the order of February 2 and the judgment of February 24 from which to appeal and we think he made no mistake. To hold the latter not a judgment would be highly technical and contrary to substantial justice. Counsel for respondents cite *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465, but it does not sustain their contention. In that case a motion to dismiss was made. It was, first, sustained; later, judgment was rendered, as here. The only difference is that there the motion was sustained orally, in the progress of the trial; here, by written order; in each case dismissal came first and then, judgment. We decline to dismiss the appeal.

We take up, now, relator's specifications of error. They all amount to the same thing, i. e., contention that the trial court

erred in sustaining the motion to quash and dismiss, and we shall consider them together.

The motion is based upon nine specified grounds, three of which we consider to be the most pertinent and to require particular attention. They are: (1) that the provisions of section 2 of Chapter 77, Session Laws of 1927, under which relator appealed to the State Board of Education, are unconstitutional and, therefore, the state board is without constitutional power to entertain or determine such an appeal; (2) that the subject matter of the action is a matter of discretion with respondents, not subject to the control of the state board, and not a plain duty, performance of which may be enforced by a court mandate; (3) that the order of the state board and the notice of election of relator, in the premises, were served upon only one of respondents and he is not empowered to act alone for the school district.

We turn first to the constitutional question. Chapter 77, [2–4] Session Laws of 1927, first provides that, whenever the trustees of a school district deem it for the best interest of the district and the pupils thereof, they may, under certain conditions, expend any moneys belonging to the district for the transportation of pupils from their homes to the school or for their board, rent or tuition while attending school in their own or some other district. Section 2 of the chapter comes next and is as follows: "If any person shall be dissatisfied with any finding or determination of \* \* \* the board of trustees \* \* \* under the provisions of this chapter, relating to transportation, rent, tuition or board, such person may appeal from such finding or determination by written petition to the State Board of Education."

Section 11 of Article XI of the Constitution of Montana provides as follows: "The general control and supervision of the state university and the various other state educational institutions shall be vested in a State Board of Education, whose powers and duties shall be prescribed and regulated by law. The said board shall consist of eleven members," etc. That

is the only reference in the Constitution to the State Board of Education, its powers or duties.

Counsel for respondents contend that the legislature, in prescribing the powers and duties of the board, is limited, by that constitutional provision, to prescribing powers and duties in connection with the state educational institutions and that any other prescribed are beyond constitutional authority. Stating their contention in their own words, taken from their brief, reference being to the constitutional provision above set forth, it is: "The provision is one complete compound sentence divided by a single comma, the latter portion being made up of relative words and phrases relating to, dependent upon and limited by the former portion." Counsel for relator contend that the quoted section of the Constitution gives to the board control of the state educational institutions and provides that the powers and duties of the board, by that section created, shall be such as may be prescribed by law, without limitation.

To be unconstitutional, the section of the session laws under consideration must be, in express terms or by clear implication, contrary to, in contravention of or prohibited by some provision of the Constitution and at that the section of the Constitution quoted, for it is the only one bearing upon the subject (*Evers* v. *Hudson,* 36 Mont. 135, 92 Pac. 462), for our state Constitution is not like the federal Constitution, one of enumerated and granted powers, therein specified, but is one of restriction or limitation upon the powers which the state inherently possesses. (*State ex rel. Sam Toi* v. *French,* 17 Mont. 54, 30 L. R. A. 415, 41 Pac. 1078; *State ex rel. Attorney General* v. *Rogge,* 80 Mont. 1, 257 Pac. 1029.) Therefore, our legislature does not act under enumerated or granted powers but under inherent powers, restricted only by the provisions of the Constitution. (*State ex rel. Sam Toi* v. *French,* supra.)

A legislative enactment is presumed to be valid and constitutional and every intendment is in its favor (*State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961; *Gas Products Co.* v. *Attor-*

*ney General,* 63 Mont. 372, 24 A. L. R. 294, 207 Pac. 993; *State ex rel. Mills* v. *Governor,* 66 Mont. 76, 213 Pac. 227) and, to be held unconstitutional, its unconstitutionality must appear beyond a reasonable doubt. (*State* v. *Bowker,* supra; *Gas Products Co.* v. *Attorney General,* supra; *State ex rel. Mills* v. *Governor,* supra; *State ex rel. Wallace* v. *Callow,* 78 Mont. 308, 254 Pac. 187; *Hale* v. *County Treasurer, ante,* p. 98, 265 Pac. 6.) "Every presumption is in favor of the validity of legislative Acts and the obligation rests on the court to so construe them as to make them operative." (*State* v. *Bowker,* supra.) "A presumption in favor of the constitutionality is raised by the mere fact of the enactment of a statute by the legislature." (12 C. J. 741.) By the foregoing stated rules of construction we must test the section of the session laws which is under consideration.

The contention of counsel for respondents that the constitutional provision in question requires that the powers and duties of the State Board of Education to be prescribed and regulated by law must be such only as relate to the state educational institutions we do not think sound. The learned trial judge was an able member of the constitutional convention and, in his written decision of the motion to quash and dismiss, set forth in the transcript, he holds that the section of the session laws, now being considered, is not unconstitutional and he gives *in extenso* his reasons for so holding. While the decision is not a necessary part of the transcript and while reasons are immaterial to the ruling of the court upon the motion, we think the following language of the decision quite plausible and persuasive:

"Had it been the intention of the framers of our Constitution, in adopting this provision, to limit the legislative assembly to prescribing and regulating 'powers and duties' of the State Board of Education to 'powers and duties' respecting the 'State University and the various other state educational institutions,' that intention could have been shown by inserting after the word 'duties,' in the last line of the section,

the words 'in relation thereto,' so that the section would read: 'The general control and supervision of the State University and the various other state educational institutions shall be vested in a State Board of Education, whose powers and duties *in relation thereto* shall be prescribed and regulated by law.' But that provision of the Constitution contains no such limitation but, on the contrary, affirmatively clothes the legislative assembly with authority to prescribe and regulate the powers and duties of the State Board of Education.''

Counsel for respondents contend that, the Constitution having given the State Board of Education general control and supervision of the state educational institutions and provided that the powers and duties of the state board shall be prescribed and regulated by law, there is not only no authority for the enactment by the legislature, for the state board, of any provisions for any powers or duties other than such as may be connected with the board's control and supervision of the state educational institutions but that the legislature, impliedly, is prohibited from enacting any other. We do not agree with the contention. The fact that the legislature may appear to be especially empowered to make for the state board rules and regulations for its control of the state educational institutions does not prohibit the legislature from providing for the state board other duties in regard to educational matters. What the legislature is not, by the Constitution, expressly or impliedly prohibited from doing it may do.

The Constitution commands the legislature to make provision for a system of public free common schools and further provides for state educational institutions but it says nothing about high schools. Yet, in *Evers* v. *Hudson,* supra, this court held that the legislature was not without authority to enact legislation for a state system of high schools. The opinion (p. 149) says: ''It is now said that these provisions are exclusive and limit the legislative authority to establishing and maintaining common schools and state institutions; but, when we consider that our Constitution is a limitation upon and not

a grant of legislative power, in the absence of some specific prohibition in the Constitution or the use in that instrument of terms which imply a prohibition, the legislative power must be held to be supreme.''

We hold that the same principle applies here. The legislative enactment in question is not only far from appearing to us to be unconstitutional beyond reasonable doubt but it appears plainly to us to be within the power of the legislature. We hold it not unconstitutional.

We take up, now, the contention of counsel for respondents that the subject matter of the action is a matter of discretion with respondents, which cannot be controlled by the state board and that the order of the state board is ineffective and cannot be made the subject of court mandate. Upon that point, the trial court decided in favor of respondents but we are not in accord.

The section of the session laws which is under discussion [5, 6] provides for an appeal to the state board. Having held the section constitutional, an appeal lies and jurisdiction is conferred upon the state board. Objection is made by counsel for respondents that the provision for appeal is so indefinite as to be ineffective; that no procedural rules are provided. Lack of prescribed procedure does not defeat a right of appeal, given by statute, if the appeal be seasonably and reasonably taken. (*State ex rel. School District* v. *Trumper*, 69 Mont. 468, 222 Pac. 1064.) ''Statutes must be liberally construed to maintain the right of appeal.'' (*Morin* v. *Wells*, 30 Mont. 76, 75 Pac. 688.) Respondents appeared before the state board and submitted themselves to the jurisdiction thereof, making no objection to jurisdiction of person or to any procedural defects, omissions or errors. When jurisdiction of subject matter exists (as we hold was so here), objection to jurisdiction of the person may be waived (*Gilna* v. *Barker*, 78 Mont. 357, 254 Pac. 174), as may objection on account of procedural defects, omissions or errors. (*Payne* v. *Davis*, 2

Mont. 381; *Sevanin* v. *Chicago, M. & St. P. Ry. Co.*, 62 Mont. 546, 205 Pac. 825; 3 C. J. 371.)

In *State ex rel. Moreland* v. *Whitford*, 54 Wis. 150, 11 N. W. 424, a case involving an appeal from a decision, in a school district matter, of a local board to the state superintendent of public instruction, the opinion recites that the statute prescribes no rules according to which the duty shall be performed and no method by which any testimony relating to the question may be taken but leaves all thereof to the superintendent and the court held that the superintendent could make his own rules as to appeal and that, if the law were silent about rules or regulations, as to the manner of hearing and deciding, he would then be left to "any proper manner of informing himself of the facts and of hearing the parties aggrieved." In *People ex rel. Underhill* v. *Skinner*, 74 App. Div. 58, 77 N. Y. Supp. 36, involving an appeal from the decision of local authorities to the superintendent of public instruction, the statute providing for appeal, set out in the opinion, is quite as brief and devoid of detail of appeal and hearing as is the section of our session laws we are considering but the court held there was no question of the jurisdiction of the superintendent. We hold there is no merit in the objection that the section providing for appeal is ineffective.

As to the contention that the order of the state board is ineffective and cannot be enforced, we see no merit in it. The statute confers jurisdiction on the state board and provides the right of appeal. We have held the provision for appeal to be workable. True, the matter in dispute is by statute made a matter of discretion with respondents. Taking as true the allegations of relator's petition and the accompanying affidavit, as we must, for the purpose of the motion to quash and dismiss, respondents decided, in their discretion, that to grant the application of relator would not be to the best interest of the district and the pupils thereof. Having so decided, so long as the decision stood, they could not properly be com-

pelled by mandamus to act contrary thereto. It was not the plain duty of respondents to act contrary to their decision.

However, an appeal, provided by law, was taken and prosecuted and the controversy was transferred to the appellate tribunal, the state board, and by it was heard and decided the other way. It was there decided that it was to the best interest of the district and the pupils thereof that relator's application be granted and it was granted. A new decision was substituted for the decision of respondents; just as, when a case is appealed from a justice court to the district court and the judgment is reversed, a new judgment is substituted for the old; just as, when a case is appealed from a district court to this court and, in the exercise of its appellate power, this court reverses the judgment appealed from and orders an opposite judgment rendered, the latter takes the place of the former. (*People ex rel. Underhill* v. *Skinner,* supra; *State ex rel. Moreland* v. *Whitford,* supra; *Harkness* v. *Hutcherson,* 90 Tex. 383, 38 S. W. 1120; *Hamilton* v. *Frette,* 189 Ill. 190, 59 N. E. 588.) "The hearing before the superintendent was *de novo* and such an order might be entered as ought to have been by the board." (*Munn* v. *School Directors of Soap Creek Township,* 110 Iowa, 652, 82 N. W. 323.) That is what, in the eyes of the law, was done in this case; the state board rendered a decision such as respondents should have rendered and, by substitution, it becomes the decision of respondents.

To hold that there is a right of appeal to the state board; that the state board has jurisdiction to hear and determine; and then to hold that a decision rendered by the state board is ineffective, void, of no force or effect, cannot be enforced, would be most anomalous, indeed. It would be holding that when the law authorized relator to appeal it authorized him to do an idle thing. The law neither requires nor authorizes performance of an idle act; waste of time, effort, money.

Having clothed the state board with jurisdiction to hear and [7, 8] determine, whatever order it makes is binding on respondents. (4 C. J. 1221; 15 C. J. 477.) Therefore, when the

state board, a superior power, by authority of law, substituted its discretion and its decision for the discretion and the decision of respondents, an inferior body, it became a plain duty of respondents to act in accordance therewith and having refused to do so it is subject to mandamus to compel performance of its duty. When an inferior board or body refuses to satisfy a judgment duly rendered against it, it may be compelled by mandamus to do so. If a city council refuse to issue a warrant in payment of a judgment rendered against the municipal corporation, it may be compelled by writ of mandate so to do (38 C. J. 761); likewise, to levy a tax to discharge an obligation imposed by contract (*State ex rel. Great Falls Water Works Co.* v. *Mayor and City Council*, 19 Mont. 518, 49 Pac. 15); and to audit and pay a bill owing by the municipality. (*State ex rel. Kaiser Water Co.* v. *Phillipsburg*, 23 Mont. 16, 57 Pac. 405.) So, also, school trustees may be compelled by mandamus to perform ministerial duties. (38 C. J. 730.)

Mandamus will lie where there is a clear legal duty to perform. (*State ex rel. Beach* v. *District Court*, 29 Mont. 265, 74 Pac. 498; *State ex rel. Donlan* v. *Board of Commrs.*, 49 Mont. 517, 143 Pac. 984.) If respondents owe relator a duty and performance would be a ministerial act, not involving discretion, mandamus will lie to compel performance. (*State ex rel. R. M. Furniture Co.* v. *Toole*, 26 Mont. 22, 91 Am. St. Rep. 386, 55 L. R. A. 644, 66 Pac. 496.) A motion to quash challenges the sufficiency of the alternative writ and the affidavit supporting it (*State ex rel. Duggan* v. *District Court*, 65 Mont. 197, 210 Pac. 1062) and the allegations of the affidavit and petition are presumed to be true for the purpose of the motion. (*State ex rel. State Pub. Co.* v. *Hogan*, 22 Mont. 384, 56 Pac. 818.)

While respondents had the right, in the first instance, to exercise their discretion, yet, in our opinion, when the state board acted its will was substituted for that discretion and it became the plain legal duty of respondents to execute it;

there was no alternative, no longer any discretion; a purely ministerial act remained to be done. It must be so or there was no use of the appeal; otherwise the appeal would be a mere gesture, an idle act, a futile thing. It is apparent there is no plain, speedy and adequate remedy in the ordinary course of law. Hence, mandamus will lie.

The objection of counsel for respondents that notice of the [9] order of the state board and notice of relator's election thereunder were served on only one of respondents is without merit. The record shows that the Chairman of the Board of Trustees composed of respondents acknowledged service of such notices, each of which was directed to the board. Service was acknowledged by him not as an individual trustee but as chairman of the board and naturally for the board. A statute (sec. 9111, Rev. Codes 1921) provides that a summons may be served on a board of county commissioners or board of trustees by service on the chairman, president or other head. By analogy, service, in this instance, upon the chairman of the board was sufficient. Other grounds given as grounds of the motion to quash and dismiss we hold to be wholly without merit.

We hold that the trial court erred in sustaining the motion to quash and dismiss, in ordering the action dismissed and in rendering its judgment. The judgment is reversed and the cause is remanded, with directions to the district court to over-rule the motion to quash and dismiss and to permit further proceedings according to law.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. JUSTICE STARK, not having heard the argument, takes no part in the foregoing decision.