In the Matter of JOSEPH W. SINGER (MARIE WILLIAMS).

County Court, Lewis County, December 14, 1934.

*Joseph W. Singer*, for self and for Marie Williams, as trustee.

*Fred A. Young*, for the school district.

CARTER, J. Application was made by certain residents and voters of school district No. 1 of the town of Montague to the Commissioner of Education to remove Marie Williams as trustee of said school district. The said Marie Williams employed Joseph W. Singer as attorney to aid her on said application. January 12, 1932, the said Commissioner dismissed said application.

For his services as attorney for the said Marie Williams on said application, Mr. Singer presented to a special meeting of said school district an account verified by him for $150, on which had been previously paid the sum of $50, leaving unpaid thereon the sum of $100.

The account so presented is made up of twenty items, giving the date of each item, and stating in a very general way the services performed without giving the value of any item, but making a lump sum charge of $150. The said school meeting refused to pay said account, and from such refusal Mr. Singer has appealed to me as county judge of Lewis county.

Section 858 of the Education Law empowers a school district to authorize the trustee of such district " to bring or defend an action or proceeding touching any district property or claim of the district, or involving its rights or interests," and makes the costs and reasonable expense of such trustee a district charge.

Section 859 of said law provides in substance that when such trustee shall have brought or defended any such action or proceeding, without authority from the school district meeting, such

trustee may present to such school meeting " an account, in writing, of all costs, charges and expenses paid by him * * * with the items thereof, and verified by his * * * oath," and if the meeting so directs, the same shall be assessed and collected the same as other charges against the district and paid to such trustee.

Sections 860 and 861 of said law provide in substance that if such school meeting refuses to direct the payment of such costs, charges and expenses, such trustee may appeal from such refusal to the county judge of the county in which such district is located, and after hearing on such appeal the judge shall " decide by order whether or not the account, or any and what portion thereof, ought justly to be charged upon the district."

The school district meeting did not authorize Marie Williams as such trustee, or any one else, to defend the proceeding for her removal. The account presented was not made in items, so that said district meeting could pass judgment upon the reasonableness of the amount charged, nor was it verified by the trustee. The appeal from the determination of said district meeting was not made by the trustee, but was made by Mr. Singer. It is not claimed that Mrs. Williams ever paid this account of $100. If any one has a claim against the district, it is the trustee, not Mr. Singer. His claim, if any, is against the trustee.

But aside from the above-mentioned defects in making and presenting said account and bringing this appeal, the real question on the merits is whether Marie Williams is legally entitled to recover of the school district the costs and expenses incurred by her in defending the proceeding to remove her as trustee. I have been unable to find that this question has been directly passed upon by the courts. Independent of the statute above quoted, no recovery could be had. Did the proceeding to remove the trustee " involve the rights and interests of the school district?" I think not. The proceeding was against her individually. It did not make a cent's difference to the district whether she was or was not removed. I think the words of the statute above quoted must be held to refer to financial rights and liabilities only. It would be against public policy to permit a trustee to defend a proceeding to remove her from office at the expense of the district. (*People ex rel. Underhill* v. *Skinner*, 74 App. Div. 58.)

My conclusion is that neither said account, nor any part thereof, is a legal charge against said school district, that the appeal herein should be dismissed and an order made accordingly, as provided by said section 861 of the Education Law.